## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY MOHR, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1057 |
| v. | : | (MANNION, D.J.) |
| ANDREW SAUL, *Commissioner of Social Security*,[1] | : | (SAPORITO, M.J.) |
| | : | |
| Defendant | | |

## ORDER

Before the court is the report and recommendation ("Report") of Magistrate Judge Joseph F. Saporito, Jr., wherein he recommends that the Commissioner of Social Security's decision be vacated and that this case be remanded for a rehearing before a different Administrative Law Judge ("ALJ"). (Doc. 24). No objections have been filed to the Report.

When no objections are made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee's note; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.

---

[1] On June 17, 2019, Andrew Saul was sworn in as the Commissioner of the Social Security Administration. Pursuant to Fed.R.Civ.P. 25(d), he has been substituted as the defendant in this case.

2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. L.R. 72.31.

The plaintiff Kimberly Mohr's ("Mohr") administrative hearing was conducted by ALJ Frank Barletta on April 26, 2017. (Doc. 8-3, at 31). On August 18, 2017, ALJ Barletta issued a decision denying Mohr's request for social security disability insurance benefits and supplemental security income. (Doc. 8-3, at 8-20). Nearly nine months later, on June 21, 2018, the United States Supreme Court held that an ALJ of the Securities and Exchange Commission qualifies as an "Officer of the United States" subject to the Appointments Clause of the United States Constitution. Lucia v. S.E.C., 138 S.Ct. 2044, 2055 (2018). Then, on July 13, 2018, in response to Lucia, the President of the United States of America issued an executive order concluding that "at least some—and perhaps all—ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause, which governs who may appoint such officials. Exec. Order No. 13,843, 83 Fed.Reg.32,755 (July 13, 2018). A few days later, "the Acting

Commissioner of Social Security conceded the premise and in short order reappointed the agency's administrative judges . . . under her own authority." *Cirko* ex rel. *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152 (3d Cir.2020); see Soc. Sec. Ruling 19-1p, 2019 WL 2019 WL 1324866, at *2.

In short, at the time ALJ Barletta conducted the hearing and issued the final decision on behalf of the Commissioner denying Mohr disability insurance benefits and supplemental security income, he was not properly appointed under the Appointments Clause of the Constitution and, thus, Mohr is entitled to a new hearing before a different constitutionally-appointed ALJ. *See Cirko*, 948 F.3d at 159 (affirming the district court's decision and remanding cases "to the Social Security Administration for new hearings before constitutionally appointed ALJs other than those who presided over Appellees' first hearings.").

The court has reviewed Judge Saporito's assessment of the instant case and agrees with the sound reasoning which led him to the conclusions in his Report, and the court finds no clear error on the face of the record. Accordingly, the court adopts the reasoning of Judge Saporito as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The Report of Judge Saporito, (Doc. 24), is **ADOPTED IN ITS ENTIRETY**;

**(2)** Mohr's appeal of the final decision of the Commissioner denying her claim for disability insurance benefits and supplemental security income, (Doc. 1), is **GRANTED**, and the Commissioner's decision is **VACATED**;

**(3)** This case is **REMANDED** to the Commissioner for a new hearing before a different constitutionally-appointed ALJ, other than ALJ Frank Barletta, for a new decision as to Mohr's claim for disability insurance benefits and supplemental security income; and

**(4)** the Clerk of Court is directed to **CLOSE THIS CASE**.

                                        s/ *Malachy E. Mannion*
                                        **MALACHY E. MANNION**
                                        **United States District Judge**

**DATE: June 9, 2020**
18-1057-01